In re ALLEGHANY–HIGHLANDS ECONOMIC DEVELOPMENT AUTHORITY, Debtor.

SunTrust Bank, Successor by merger with Crestar Bank, Trustee, Movant,

v.

Alleghany–Highlands Economic Development Authority, Respondent.

No. 5–01–01576–9.

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Nov. 8, 2001.

Robert D. Perrow, Richmond, VA, for SunTrust Bank, as trustee.

Andrew S. Goldstein, Roanoke, VA, for Alleghany–Highlands Economic Development Authority.

### DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the court is a motion by SunTrust Bank (hereinafter SunTrust) to dismiss the Chapter 9 petition of Alleghany–Highlands Economic Development Authority (herein Authority) and an objection to the motion by the Authority. The

statutory bases for the motion to dismiss arise under 11 U.S.C. § 109(c)(2)[1] and § 109(c)(5)(B).[2] For the reasons stated in this decision and order, the motion to dismiss will be granted based upon 11 U.S.C. § 109(c)(2).

### Facts:

The Authority filed its Chapter 9 petition on August 24, 2001, just before a scheduled foreclosure of real property owned by it and securing the indebtedness owed to the bondholders for whom Sun-Trust acts as trustee under an indenture of trust dated September 15, 1999. On September 19, 2001, SunTrust filed the motion to dismiss which is currently the subject matter of this decision and order, and the Authority filed its response on October 24, 2001. By agreement of the parties, oral argument on the SunTrust motion was conducted in Harrisonburg, Virginia, on October 31, 2001.

### Law and Discussion:

While SunTrust relies on two statutory provisions found in 11 U.S.C. § 109(c), it is unnecessary that the court consider and decide the merits of all of the grounds set forth for dismissal because the court finds that the Authority is not an entity which is specifically authorized to be a debtor under 11 U.S.C. § 109(c)(2). In deciding that the Authority is not an entity that satisfies this statutory requirement, the court is persuaded by the reasoning found in *In re County of Orange*, 183 B.R. 594, 603–605 (Bankr.C.D.Ca.1995). In that case, the Bankruptcy Court for the Central District of California analyzed the wording of the statute which states that an entity must be "specifically authorized, ... to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter, ..." In reviewing the statute, the *Orange County* court looked at the legislative history of the Bankruptcy Reform Act of 1994 which changed the language in section 109(c) from "generally authorized" to file a Chapter 9 proceeding to the "specifically authorized" language currently in the statute. The court's analysis found that the legislative history indicated an effort by Congress to remedy a split in court decisions, some which required express statutory authorization for an entity to be eligible to file Chapter 9 and others which found general authorization in state legislation setting forth purposes and powers of municipal entities.

In deciding the issue, the Bankruptcy Court for the Central District of California stated:

> The amendment requires that the state give the municipality express authority to file. Express authority is defined as 'that which confers power to do a particular identical thing set forth and declared exactly, plainly and directly with well defined limits.' (Citing Black's Law Dictionary 581 (6th Ed.1990)). Since the state acts by statute, the authoriza-

---

1. 11 U.S.C. § 109. Who may be a debtor. (c) An entity may be a debtor under chapter 9 of this title if and only if such entity—(2) is specifically authorized, in its capacity as a municipality or by name to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter.

2. 11 U.S.C. § 109. Who may be a debtor. (c) An entity may be a debtor under chapter 9 of this title if and only if such entity—(5)(B) has negotiated in good faith with creditors and has failed to obtain the agreement of creditors holding at least a majority in amount of claims of each class that such entity intends to impair under a plan in a case under such chapter.

tion obviously must be recorded in writing. It also must be exact, plain, and direct with well defined limits so that nothing is left to inference or implication.

The burden of proving eligibility to file under section 109(c) is on the party filing the petition. *In re City of Bridgeport*, 129 B.R. 332, 339 (Bankr.D.Conn.1991). In its response to the objection to the motion to dismiss the petition, the Authority is unable to point to any specific statutory language in the Code of Virginia which meets the specific authority Bankruptcy Code requirement. Instead, the Authority argues that specific authority is found through a liberal construction of the enabling statute in the Code of Virginia. In particular, it argues that vesting the Authority with "powers of a body corporate" and "power to sue and be sued" is broad enough to encompass a power to seek the protection of federal courts, including the protection afforded by Chapter 9 of the Bankruptcy Code. But for the amendments to Chapter 9 by the Bankruptcy Reform Act of 1994, a liberal construction as advocated by the Authority might be more persuasive.[3] It is clear that Congress intended to amend the eligibility requirements through the Bankruptcy Reform Act of 1994 to require express authorization to file a Chapter 9 proceeding. This court is persuaded by the analysis and reasoning found in *In re County of Orange, supra*, and adopts it for purposes of determining this motion to dismiss. Accordingly, it is

### ORDERED:

That the motion to dismiss the Chapter 9 petition of Alleghany–Highlands Economic Development Authority by Sun-Trust Bank, be, and it hereby is **GRANTED** and the Chapter 9 proceeding is dismissed.

---

**3.** The court notes that although not argued by the Authority, there is language in the Code of Virginia which empowers the Authority to "plead and implead." Arguably this general power to plead could encompass power to file a Chapter 9 petition which appears to meet all of the criteria of a "pleading" and leads to an order for relief under the Bankruptcy Code. However, in view of the 1994 amendments to Chapter 9, this language, along with the other language argued by the Authority is simply insufficient.